**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | | |
|---|---|---|
| **SARAH SNYDER, on behalf of herself and others similarly situated** | ) | |
| | ) | **Case No. ________________** |
| **Plaintiff,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **v.** | ) | |
| **INNODATA SERVICES, LLC,** | ) | |
| **Defendant.** | ) | |

**CLASS ACTION COMPLAINT**

Sarah Snyder ("Plaintiff"), individually and on behalf of those similarly situated former employees as defined herein, brings this suit against Innodata Services, LLC ("Defendant"), by way of this Class Action Complaint, alleging as follows:

**NATURE OF THE ACTION**

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), by the Plaintiff on her own behalf and on behalf of the other similarly situated persons against Defendant, her employer for WARN Act purposes.

2. Plaintiff was a remote employee but, upon information and belief, was terminated from a worksite located at 1615 South Congress Avenue, Delray Beach, Florida 33445 ("Facility") on or around February 6, 2026, as part of a mass layoff and/or plant closing without proper notice.

3. Upon information and belief, Defendant abruptly terminated at least 100 employees, including Plaintiff, unilaterally and without proper notice to employees or staff.

4. Plaintiff brings this action on behalf of herself and other similarly situated former employees who worked for Defendant and were terminated as part of the foreseeable mass layoff or plant closing ordered by Defendant on or around February 6, 2026 and within 90 days of that date and who were not provided 60 days' advance written notice of their terminations by Defendant, as required by the WARN Act.

5. Plaintiff and other similarly situated employees should have received the full protection afforded by the WARN Act.

6. Defendant did not provide proper WARN Act Notice, 60 days in advance, as required by 29 U.S.C. §§ 2101 *et seq.* even though it planned to abolish, terminate, and/or layoff at least 50 employees and 33% of the employees employed at the Facility.

7. Upon information and belief, no circumstances existed that would have permitted Defendant from reducing the notification period as provided in 29 U.S.C. § 2102(b).

8. By failing to provide its affected employees who were temporarily or permanently terminated on or around February 6, 2026, with proper WARN Act Notices and other benefits, Defendant acted willfully and cannot establish that they had any reasonable grounds or basis for believing its actions were not in violation of the WARN Act.

**PARTIES**

9. Plaintiff is a resident and citizen of Oklahoma. Plaintiff was employed by Defendant full-time at its Delray Beach, Florida, location within the meaning of the WARN Act at the time of her termination.

10. Defendant is a New Jersey limited liability company with an office located at 1615 South Congress Avenue, Delray Beach, Florida 33445. Plaintiff's paycheck notes this Delray Beach, Florida address as the address of her employer, Defendant.

## JURISDICTION AND VENUE

11. The Court has jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

12. The Court has jurisdiction over Defendant because it is registered to do business in Florida, operates the Facility that is the subject of this action in Florida, and has its principal place of business at 1615 S. Dixie Hwy., West Palm Beach, Florida 33401.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5) because at all relevant times, Defendant operated the Facility in Delray Beach, Florida, where Plaintiff and the other similarly situated individuals worked or were based at, reported to, and received assignments from.

## FACTS

14. On or about February 3, 2026, Defendant informed Plaintiff that her position was being terminated on February 6, 2026, with less than 60 days' notice.

15. On February 6, 2026, Plaintiff was effectively locked out of all her employee accounts and unable to report to work.

16. Defendant did not provide proper WARN Act Notice, 60 days in advance, as required by 29 U.S.C. §§ 2101 et seq. even though it planned to abolish, terminate, and/or layoff at least 50 employees and 33% of the employees employed there.

17. Upon information and belief, no circumstances existed that would have permitted Defendant from reducing the notification period as provided in 29 U.S.C. § 2102(b).

18. By failing to provide its affected employees who were temporarily or permanently terminated on or around February 6, 2026, with proper WARN Act Notices and other benefits, Defendant acted willfully and cannot establish that they had any reasonable grounds or basis for

believing its actions were not in violation of the WARN Act.

## CLASS ACTION ALLEGATIONS

19. Plaintiffs bring their WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> All employees of Defendant who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) on and within 90 days of February 6, 2026.

20. Class Action treatment of WARN Act claims is appropriate because all of Federal Rule of Civil Procedure 23's class action requisites can be satisfied. For example:

a. The class includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

b. Questions of law and fact are common to the class, including, *inter alia*, whether Defendant provided adequate notice of its mass layoff under the WARN Act, 29 U.S.C. § 2102. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

c. Plaintiff is a member of the class and bring claims typical of the claims of other class members. Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

d. Plaintiff will fairly and adequately represent the class and its interests. Moreover, Plaintiffs retained competent and experienced counsel who will effectively represent the interests of the class. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

21. Class certification is appropriate pursuant to Federal Rule of Civil Procedure

23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

22. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the class as a whole.

23. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication for this litigation.

**COUNT I**
**VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101, *et seq*.**
**(*On behalf of Plaintiffs and the putative class*)**

24. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth herein.

25. Defendant is an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

26. Plaintiff and the putative class were at all relevant times an "affected employee" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

27. The February 6, 2026, terminations resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the employees and at least 50 employees. The ongoing terminations, occurring within any 90-day period, may be aggregated. 29 U.S.C. § 2102(d).

28. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

29. On information and belief, Defendant did not give 60 days' written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and those she seeks to represent, as that term is defined in 29 U.S.C § 2101(a)(5). Nor upon information and belief did Defendant give proper written, 60 days' notice to the Florida Department of Commerce, or to the chief elected official of the local government within which the mass layoff was ordered.

30. Defendant violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 U.S.C. § 2102(a), which began on or about November 3. 2025.

31. As such, Plaintiff and those she seeks to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

32. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. See 29 U.S.C. § 2104(5).

33. Moreover, Defendant's violations of the WARN Act were not in good faith, and Defendant had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. Certification of the Class as a class action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiffs as a representative of the Class and counsel of record as Class Counsel;

2. A declaration that Defendant violated the WARN Act;

3. A judgment against Defendant and in favor of Plaintiff and those she they seek to represent for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A);

4. A judgment against Defendant and in favor of Plaintiff and those she seeks to represent for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and those she seeks to represent during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B);

5. A finding that Defendant's violations of the WARN Act were and are willful, not in good faith, and that Defendant has no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102;

6. A judgment against Defendant and in favor of Plaintiff and those she seeks to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7. A judgment against Defendant for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3); and,

8. Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

Dated: February 6, 2026

Respectfully submitted,

*/s/ Jeff Ostrow*
Jeff Ostrow (FBN 121452)
**KOPELOWITZ OSTROW, P.A.**
1 West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Tel.: (954) 332-4200
ostrow@kolawyers.com

Mariah S. England*
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
mengland@stranchlaw.com

Ian Bensberg*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ibensberg@cohenmalad.com

Samuel J. Strauss*
Raina C. Borrelli*
**STRAUSS BORRELLI, PLLC**
980 N Michigan Ave., Suite 1610
Chicago, IL 60611
T: (872) 263-1100
F: (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com

*Pro Hac Vice *applications to be submitted*

*Counsel for Plaintiff and Proposed Class*