**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

SARAH SNYDER, individually and on behalf of those similarly situated,

Plaintiff,

v.

**Case No.: 9:26-cv-80134-AMC**

INNODATA SERVICES, LLC,

Defendant.

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND LITIGATION COSTS AND MEMORANDUM OF LAW IN SUPPORT**

# TABLE OF CONTENTS


I. INTRODUCTION ....................................................................................................1

II. BACKGROUND ....................................................................................................3

a. History of the Litigation....................................................................................3

b. Negotiations and Settlement ..............................................................................3

III. ARGUMENT ........................................................................................................5

a. The Court Should Award the Requested Attorneys' Fees Because They Are Reasonable Under Eleventh Circuit Law and the Parties' Agreement ..........................................5

i. The time and labor required ........................................................................7

ii. The novelty and difficulty of the legal questions ...........................................7

iii. The skill required to properly carry out the legal services..............................9

iv. The preclusion of other employment by counsel ..........................................10

v. The customary fee ......................................................................................10

vi. Whether the fee is fixed or contingent .........................................................11

vii. The time limitations imposed by the circumstances .....................................12

viii. The results obtained ..................................................................................12

ix. The experience, reputation, and ability of the attorneys ................................13

x. The undesirability and risk of the case .........................................................14

xi. The nature and length of the professional relationship with the client ...........14

xii. Fee awards in similar cases ........................................................................15

b. The Court Should Award the Requested Litigation Cos ........................................16

IV. CONCLUSION.....................................................................................................16

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Allapattah Servs., Inc. v. Exxon Corp.*,
454 F. Supp. 2d 1185–11 (S.D. Fla. 2006) ....................6, 15, 10, 11, 12, 13, 14

*Behrens v. Wometco Enters., Inc.*,
118 F.R.D. 534 (S.D. Fla. 1988) ....................11

*Boeing Co. v. Van Gemert*,
444 U.S. 472–81 (1980) ....................5

*Camden I Condominium Ass'n, Inc. v. Dunkle*,
946 F.2d 768 (11th Cir. 1991) ....................1, 5, 6, 12, 13,15

*Columbus Drywall & Insulation, Inc. v. Masco Corp.,*
No. 1:04-CV-3066-JEC, 2012 WL 12540344 (N.D. Ga. Oct. 26, 2012) ....................16

*Deposit Guar. Nat'l Bank v. Roper*,
445 U.S. 326 (1980) ....................5

*Farrar v. Workhorse Grp., Inc.,*
No. CV 21-02072-CJC (PVCx), 2023 WL 5505981 (C.D. Cal. July 24, 2023) ....................13

*Faught v. Am. Home Shield Corp.*,
668 F.3d 1233 (11th Cir. 2011) ....................6

*George v. Acad. Mortg. Corp. (UT)*,
369 F. Supp. 3d 1356 .................... *passim*

*Guippone v. BH S & B Holdings, LLC,*
No. 09 Civ. 01029(CM), 2011 WL 5148650 (S.D.N.Y. Oct. 28, 2011) ....................10,15

*In re Blue Cross Blue Shield Antitrust Litig.*,
85 F.4th 1070 (11th Cir. 2023) ....................6,15

*In re Equifax Inc. Customer Data Sec. Breach Litig.*,
999 F.3d 1247 (11th Cir. 2021) ....................15

*In re Fortra File Transfer Software Data Sec. Breach Litig.*,
No. 24-MD-03090-RAR, 2025 WL 457896 (S.D. Fla. Feb. 11, 2025) ....................5

*Int'l Union, United Mine Workers v. Jim Walter Res., Inc.*,
6 F.3d 722 (11th Cir. 1993) ....................8,14

*Johnson v. Ga. Highway Express, Inc.*,
488 F.2d 714–19 (5th Cir. 1974) ....................................................................................5

*Likes v. DHL Express (USA), Inc.*,
787 F.3d 1096 (11th Cir. 2015) ......................................................................................8

*Mees v. Skreened, Ltd.*,
No. 2:14-CV-142, 2016 WL 67521 (S.D. Ohio Jan. 6, 2016) *report and recommendation adopted*, 2016 WL 305166 (S.D. Ohio Jan. 26, 2016)..........................................................10,15

*Philips v. Muchnery Inc.*,
No. 19-cv-05089-BLF, 2020 WL 6135996 (N.D. Cal. Oct. 19, 2020) .....................................13

*Roberts v. Genting N.Y. LLC*,
No. 14-CV-0257 (KAM)(VMS), 2026 WL 643206 (E.D.N.Y. Feb. 23, 2026) .........................15

*Rodriguez v. Infinite Care, Inc.*,
No. CV 15-1824, 2016 WL 6804430 (E.D. Pa. Nov. 17, 2016) .........................................10,15

*Waters v. Int'l Precious Metals Corp.*,
190 F.3d 1291–98 (11th Cir. 1999) ...............................................................................6,15

*Weekes-Walker v. Macon Cnty. Greyhound Park, Inc.*,
125 F. Supp. 3d 1297 (M.D. Ala. 2014) ...........................................................................7

**Rules**

Fed. R. Civ. P. 23 ...................................................................................................4, 9, 5,15

Fed. R. Civ. P. 54 ……………………………………………………………………...16

**Statutes and Regulations**

29 U.S.C. §§ 2101-2109 ..................................................................................................1, 2

29 U.S.C. § 2101 ..................................................................................................................8

29 U.S.C. § 2102 ..............................................................................................................3, 9,8

29 U.S.C. § 2104 ..................................................................................................................3

20 C.F.R. § 639.9 ..................................................................................................................8

Plaintiff Sarah Snyder ("Plaintiff" or "Settlement Class Representative"), on behalf of herself and the Settlement Class, respectfully requests an award of attorneys' fees of $49,166.67, representing one-third of the $147,500.00 Settlement Fund, together with reimbursement of reasonable litigation costs in the amount of $813.63 to Class Counsel and up to $13,000.00 as an award to the Settlement Administrator for payment of its services. The Settlement Agreement expressly permits Class Counsel to seek reasonable attorneys' fees not to exceed one-third of the Settlement Fund and separately permits reimbursement of taxable and nontaxable costs, all subject to Court approval. Settlement Agreement [ECF No. 39-3] ("S.A."), ¶¶ 72-75. No service award is requested under the current Settlement Agreement. *See* Declaration of Class Counsel in Support of Plaintiff's Motion for Attorneys' Fees and Litigation Costs ("Class Counsel Decl."), attached hereto as ***Exhibit A***, ¶¶ 9, 14-16.

As explained below, the requested fee is reasonable under controlling Eleventh Circuit law, including *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991) ("*Camden I*"), and is strongly supported by WARN Act authority approving percentage-of-the-fund fees at or near one-third. Plaintiff therefore requests the Court grant this Motion and award the requested attorneys' fees and litigation costs.

## I. INTRODUCTION

This case arises from Defendant Innodata Services, LLC's alleged failure to provide the notice required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101-2109 (the "WARN Act"), before a February 2026 layoff affecting employees who purportedly reported to Defendant's facility at 1615 South Congress Avenue, Delray Beach, Florida. Compl. ¶¶ 1-4, 9-10, ECF No. 1; S.A., Recitals A-B & ¶ 11. Plaintiff alleges that on or about February 3, 2026, Defendant notified more than 100 employees, including Plaintiff, that they would be affected by a layoff effective February 6, 2026. *Id.* ¶¶ 2-4, 14-18, ECF No. 1; S.A., Recital A. Plaintiff filed

this action on February 6, 2026, seeking WARN Act back pay, benefits, attorneys' fees, and costs on behalf of herself and similarly situated employees. Compl. ¶¶ 1, 4, 19-30, 41-61, ECF No. 1; S.A., Recitals B-C. Class Counsel Decl. ¶ 3.

After the Complaint was filed, Defendant denied liability, disputed class treatment, and asserted numerous defenses. The Parties' Settlement Agreement records Defendant's position that Plaintiff was not terminated as the result of a WARN-covered plant closing or mass layoff at a single site of employment, that any terminations resulted from unforeseeable business circumstances, that Defendant acted in good faith, that certain putative class members released their claims, and that class certification would be improper. S.A., Recitals D & H. The Parties thereafter exchanged information concerning class membership, WARN Act coverage, Defendant's defenses, and damages, including payroll and employment data used to evaluate the number of affected employees and potential class-wide damages. ECF No. 39, at 2, 7; S.A., Recitals E-F. Class Counsel Decl. ¶¶ 4-5.

The resulting Settlement establishes a $147,500.00 Settlement Fund for the benefit of the Settlement Class and to pay Court-approved attorneys' fees and costs and Settlement Administrator expenses. S.A., Recital M & ¶¶ 31, 39-47, 59-60, 72-75. Settlement Class Members do not need to submit claims; the Settlement Administrator will determine each member's share under the Allocation Plan and mail settlement checks automatically after the Effective Date. *Id.* ¶¶ 43-47. The Settlement avoids the risk and delay of continued litigation over WARN coverage, the single-site issue, Defendant's asserted unforeseeable-business-circumstances and good-faith defenses, class certification, damages, and appeal. *Id.*, Recitals H-K. The Court has already found, for preliminary-approval purposes, that the relief is adequate in light of the risks, complexity, and duration of continued litigation and that the settlement was fairly negotiated at arm's length. ECF

No. 40 at 5. Against those litigation risks, a one-third fee is reasonable and consistent with both Eleventh Circuit common-fund law and fee awards in WARN Act settlements nationwide. Class Counsel Decl. ¶¶ 7-9, 18.

## II. BACKGROUND

### a. History of the Litigation

Plaintiff filed the Class Action Complaint on February 6, 2026. Compl., ECF No. 1. The Complaint alleges that Defendant failed to provide affected employees 60 days' advance written notice before the February 2026 layoff, as required by 29 U.S.C. § 2102(a), and seeks the statutory remedies available under 29 U.S.C. § 2104, including back pay, benefits, attorneys' fees, and costs. Compl. ¶¶ 1-8, 41-61, ECF No. 1. Defendant answered on April 6, 2026, denying liability and class treatment and asserting multiple affirmative defenses, including the WARN Act's unforeseeable-business-circumstances defense. ECF No. 16; ECF No. 39, at 2; S.A., Recital D. Class Counsel Decl. ¶¶ 3-4.

The Parties exchanged information relevant to class membership, WARN Act coverage, Defendant's defenses, and potential damages. ECF No. 39, at 2, 7. Defendant produced payroll and employment data, which Class Counsel used to evaluate the number of affected employees and estimate class-wide damages. *Id.* at 2, 7, 10. Class Counsel also interviewed Plaintiff and putative Class Members, reviewed Defendant's records, analyzed the factual and legal issues underlying the claims and defenses, and assessed the risks associated with continued litigation. *Id.* at 7; *see also* S.A., Recitals E-F. Class Counsel Decl. ¶ 5.

### b. Negotiations and Settlement

The Parties began settlement discussions in early March 2026 and continued exchanging information while negotiations progressed. ECF No. 39, at 2. The negotiations were adversarial and at arm's length. *Id.* at 1, 5-6; S.A., Recital J. The Parties first executed a settlement agreement

on June 18, 2026. ECF No. 39, at 2. After the Court denied preliminary approval without prejudice on August 7, 2026, and identified two issues requiring revision, the Parties revised the agreement to address the Court's concerns. ECF No. 39, at 0 n.1, 2; ECF No. 40 at 2. The revised Settlement Agreement was fully executed on August 16, 2026, and Plaintiff filed the renewed motion for preliminary approval on August 17, 2026. ECF No. 39, at 2; ECF No. 40 at 1. On August 21, 2026, the Court granted preliminary approval, finding that it would likely be able to approve the Settlement under Rule 23(e)(2) and certify the proposed Settlement Class for settlement purposes. ECF No. 40 at 3-5; Class Counsel Decl. ¶ 6.

The revised Settlement establishes a $147,500.00 Settlement Fund to pay Settlement Class Members, Settlement Administrator expenses, and Court-approved attorneys' fees and costs. S.A., Recital M & ¶¶ 31, 39-47, 59-60, 72-75. The Court preliminarily certified a Settlement Class of 30 employees terminated on February 6, 2026, purportedly as a result of the alleged mass layoff or plant closing, who did not sign a separation agreement and general release. ECF No. 40 at 3. Payments will be distributed automatically without claim forms: the Settlement Administrator will calculate each member's share under the Allocation Plan and mail checks after the Effective Date. S.A. ¶¶ 43-47; *see also* ECF No. 39, at 3, 8. The Court approved CPT Group as the Settlement Administrator and authorized CPT to effectuate the Notice Plan in accordance with the Settlement Agreement. ECF No. 40 at 6; Class Counsel Decl. ¶ 7.

Attorneys' fees were not negotiated until after the Parties had reached agreement on the substantive settlement terms. ECF No. 39, at 16; Class Counsel Decl. ¶ 9. The Settlement Agreement authorizes Class Counsel to seek a reasonable fee not exceeding one-third of the Settlement Fund and separately to seek reimbursement of taxable and nontaxable costs, with all

Attorneys' Fees and Costs paid from the Settlement Fund and subject to Court approval. S.A. ¶¶ 72-75.

## III. ARGUMENT

### a. The Court Should Award the Requested Attorneys' Fees Because They Are Reasonable Under Eleventh Circuit Law and the Parties' Agreement.

This Motion seeks a reasonable $49,166.67 attorneys' fee award, which is equal to one-third of the Settlement Fund. Rule 23 authorizes awards in class action settlements for "reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).

It is well-established that counsel whose efforts create a common fund for a class are entitled to compensation from that fund. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478–81 (1980). Courts have also recognized that appropriate fee awards in cases like this one encourage redress for wrongs caused to entire classes of persons and deter future misconduct of a similar nature. *See Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 338-39 (1980). Adequate compensation promotes the availability of counsel for aggrieved persons. *In re Fortra File Transfer Software Data Sec. Breach Litig.*, No. 24-MD-03090-RAR, 2025 WL 457896, at *12 (S.D. Fla. Feb. 11, 2025).

In the Eleventh Circuit, the percentage-of-the-fund method is the controlling method for awarding attorneys' fees from a common fund. *Camden I* , 946 F.2d at 774–75. *Camden I* instructs the court to select a reasonable percentage based on the facts of the case and the factors derived from *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *See Camden I*, 946 F.2d at 774–76 ("“Henceforth in this circuit, attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class."). That rule applies here even though WARN contains a statutory fee provision because the

Settlement creates a true common fund from which fees are paid. *In re Blue Cross Blue Shield Antitrust Litig.*, 85 F.4th 1070, 1099-1101 (11th Cir. 2023) (holding that the percentage-of-the-fund method governs a common-fund settlement regardless of whether the underlying claims arise under a fee-shifting statute).

The requested one-third fee is also consistent with Eleventh Circuit precedent affirming awards at approximately that level. *See Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1294–98 (11th Cir. 1999) (affirming approximately 33⅓% common-fund award); *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1210–11 (S.D. Fla. 2006) (approving 31.33% and recognizing that approximately one-third awards are routinely approved). The *Johnson* factors confirm that one-third is reasonable here.

Because the requested fee exceeds the 25% benchmark identified in *Camden I*, the Court should evaluate the request under the twelve *Johnson* factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1242-43 (11th Cir. 2011) (citing *Johnson*, 488 F.2d at 717-19). *Camden I* also permits consideration of the time required to reach settlement, non-monetary benefits conferred on the class, substantial objections by class members, the economics of prosecuting a class action, and other case-specific considerations. 946 F.2d at 775. Those factors support the requested one-third fee here, particularly the contingent risk, the specialized WARN

issues, the lack of objections, the efficient path to a non-reversionary recovery, and the automatic-payment structure that requires no claims process.

**i. The time and labor required**

Class Counsel devoted substantial time before and after filing to investigating the layoffs, interviewing Plaintiff and potential class members, researching WARN coverage and defenses, analyzing payroll and employment records, evaluating potential statutory damages, negotiating with experienced defense counsel, drafting and revising the Settlement Agreement, preparing two rounds of preliminary-approval papers, coordinating with the Settlement Administrator, and preparing the fee and final-approval submissions. The work required counsel to assess threshold coverage questions and affirmative defenses before ordinary merits discovery had run its course, and to translate payroll and employment data into a reliable settlement valuation. All of this work was performed without any assurance of payment, and additional work remains through final approval, administration, distribution, and any post-distribution issues. Class Counsel Decl. ¶¶ 11-13. Eleventh Circuit district courts recognize that substantial investigation, data analysis, and settlement work support a one-third award even where counsel resolves the case efficiently. *George v. Acad. Mortg. Corp. (UT)*, 369 F. Supp. 3d 1356, 1381-82 (N.D. Ga. 2019) (approving a 33.33% fee where counsel devoted substantial time and resources to investigating claims, analyzing payroll data, developing legal theories, and negotiating settlement). And the resource demands avoided by settlement are real: a fully litigated WARN class action in this Circuit required thousands of attorney hours before the fee phase. *Weekes-Walker v. Macon Cnty. Greyhound Park, Inc.*, 125 F. Supp. 3d 1297, 1298 (M.D. Ala. 2014). The novelty and difficulty of the relevant questions.

**ii. The novelty and difficulty of the legal questions**

WARN Act litigation presents threshold questions and affirmative defenses that are unusually consequential because a ruling on a single statutory element can eliminate liability for

the entire class. Here, Defendant disputes whether Plaintiff and the putative class suffered employment losses from a covered plant closing or mass layoff at a single site of employment and invokes the unforeseeable-business-circumstances defense. Those issues required counsel to evaluate not merely the number of terminations, but how the affected employees were assigned, managed, and connected to the Delray Beach facility; whether the statutory numerical thresholds were met; whether particular employees experienced a qualifying 'employment loss'; and whether any releases affected class membership or recovery. Class Counsel Decl. ¶¶ 4-5.

The single-site issue presents meaningful merits risk under binding Eleventh Circuit precedent. WARN's mass-layoff and plant-closing thresholds are measured at a 'single site of employment,' 29 U.S.C. § 2101(a)(2)-(3), and the Eleventh Circuit has affirmed summary judgment where workers could not aggregate geographically or operationally distinct locations to satisfy WARN's numerical requirements. *Int'l Union, United Mine Workers v. Jim Walter Res.*, Inc., 6 F.3d 722, 724-27 (11th Cir. 1993); *see also Likes v. DHL Express (USA), Inc.*, 787 F.3d 1096, 1100-01 (11th Cir. 2015). Thus, Defendant's challenge to whether the relevant employees belonged to a covered single site was not a technical pleading point; if accepted, it could have defeated WARN coverage altogether.

Likewise, the unforeseeable business circumstances defense requires a fact-intensive inquiry. Section 2102(b)(2)(A) permits reduced notice only when the closing or mass layoff was caused by business circumstances was not reasonably foreseeable when 60-day notice otherwise would have been required. The regulations focus on commercially reasonable business judgment in light of the employer's market and circumstances. 20 C.F.R. § 639.9(b). At the same time, the WARN Act makes clear that the exception reduces the notice period; it does not eliminate notice. *See* 29 U.S.C. § 2102(b). An employer relying on the exception must give as much notice as

practicable and provide a brief statement of the basis for reducing the notice period. *Id.* Evaluating the strength of that defense therefore required counsel to assess causation, foreseeability, timing, and the content and delivery of any notice—issues on which either side could prevail depending on the developed factual record.

These WARN-specific merits questions were compounded by Rule 23 issues, the effect of individual releases, damages calculations, and the prospect of summary judgment and appeal. The combination made the case materially more complex and riskier than a straightforward wage claim and supports the requested percentage under the second *Johnson* factor. That conclusion is consistent with *George*, where the court treated mixed questions of law and fact, payroll-data analysis, and the risks of decertification and summary judgment as significant complexity supporting a one-third fee. 369 F. Supp. 3d at 1374-75, 1382-83.

**iii. The skill required to properly carry out the legal services**

Class and WARN litigation require specialized knowledge of Rule 23, WARN's statutory definitions, numerical thresholds, notice rules and affirmative defenses, payroll-based damages analysis, and class settlement administration. The statute's remedial scheme turns on interlocking questions concerning employer coverage, a covered plant closing or mass layoff, a single site of employment, affected employees, employment loss, available exceptions, and back-pay and benefit calculations. Counsel's ability to identify those issues early, obtain and analyze the necessary employment data, evaluate Defendant's defenses under governing Eleventh Circuit law, negotiate a meaningful common-fund recovery, and revise the settlement promptly in response to the Court's preliminary-approval concerns demonstrates the level of skill required and exercised here. Class Counsel Decl. ¶¶ 5, 14. In approving a one-third fee in an employment class action, *George* likewise emphasized the need for specialized knowledge of the litigation type and Rule 23

expertise and recognized that the quality of opposing counsel is relevant to the skill required to achieve the result. 369 F. Supp. 3d at 1383-84.

**iv. The preclusion of other employment by counsel**

This matter required sustained attention from multiple lawyers and staff and necessarily displaced other fee-generating work. Counsel committed those resources on a contingent basis, advanced the matter without current compensation, and accepted the opportunity cost of devoting time to a case in which liability, class certification, and recovery were disputed. Counsel will continue to devote time to final approval, class-member communications, settlement administration, distribution, and any follow-up necessary to complete the settlement. Class Counsel Decl. ¶ 11. The Southern District of Florida has treated this opportunity cost as a meaningful *Johnson* consideration, explaining that a resource-intensive contingent class case may prevent counsel from accepting other contingent matters and from devoting the same time to existing or new clients. *Allapattah Servs., Inc.*, 454 F. Supp. 2d at 1209-10.

**v. The customary fee**

A one-third fee is customary in WARN Act class settlements. *In Mees v. Skreened, Ltd.*, No. 2:14-CV-142, 2016 WL 67521, at *5 (S.D. Ohio Jan. 6, 2016), *report and recommendation adopted*, 2016 WL 305166 (S.D. Ohio Jan. 26, 2016), the court accepted the percentage method and explained that one-third awards are common in WARN settlements. *Rodriguez v. Infinite Care, Inc.*, No. CV 15-1824, 2016 WL 6804430, at *8 (E.D. Pa. Nov. 17, 2016), likewise recognized that a one-third common-fund award is common in WARN class settlements. *Guippone v. BH S & B Holdings, LLC*, No. 09 Civ. 01029(CM), 2011 WL 5148650, at *9 (S.D.N.Y. Oct. 28, 2011), observed that class counsel had received one-third fees in more than 30 WARN actions. This WARN-specific authority strongly supports the requested percentage. Class Counsel Decl. ¶¶ 14-

15. Eleventh Circuit authority points the same way. *Allapattah* found a 31 1/3% fee well within customary contingent-fee practice and cited empirical evidence identifying one-third as a common benchmark. 454 F. Supp. 2d at 1209-12. *George* similarly observed that contingency arrangements in the private market commonly range from 30% to 40% and approved 33% of the common fund. 369 F. Supp. 3d at 1382-85.

**vi. Whether the fee is fixed or contingent**

Class Counsel undertook the representation on a purely contingent basis. They have not been paid for their time and have advanced litigation costs, all while assuming the risk that their efforts might yield no fee at all. Had Defendant prevailed on WARN coverage, the single-site issue, its statutory defenses, class certification, summary judgment, trial, or appeal, Counsel could have recovered nothing for the time and resources invested. The contingent nature of the representation is particularly significant where, as here, the governing statute presents binary threshold issues capable of eliminating class-wide liability. This risk of non-payment justifies the requested fee.

> A contingency fee arrangement often justifies an increase in the award of attorneys' fees. This rule helps assure that the contingency fee arrangement endures. If this "bonus" methodology did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing.

*Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 548 (S.D. Fla. 1988), *aff'd* 899 F.2d 21 (11th Cir. 1990) (citations omitted); *see also* Class Counsel Decl. ¶ 10. Courts in this Circuit give substantial weight to precisely that risk. *George* explained that a contingency arrangement often justifies an increased award because counsel assumes the risk of nonpayment or underpayment, 369 F. Supp. 3d at 1385, while *Allapattah* held that a completely contingent representation warranted special consideration in light of the investment of time, effort, and money and the

possibility of recovering nothing. 454 F. Supp. 2d at 1210.

**vii. The time limitations imposed by the circumstances**

WARN claims seek wage-and-benefit relief for workers who have abruptly lost employment. Prompt resolution therefore has particular practical value. Counsel pursued settlement early while still obtaining the employment and payroll information necessary to evaluate the case, thereby avoiding years of discovery and motion practice without sacrificing an informed assessment of liability and damages. Class Counsel Decl. ¶ 12. The timing of the resolution is also an expressly relevant common-fund consideration under *Camden I*, which permits the Court to consider the time required to reach settlement in addition to the twelve *Johnson* factors. 946 F.2d at 775.

**viii. The results obtained**

The Settlement secures a $147,500.00 common fund for approximately 30 former employees and provides automatic distribution without a claims process. S.A., Recital M & ¶¶ 31, 43-47; ECF No. 40 at 3. That structure delivers concrete value: eligible Settlement Class Members need not complete claim forms or provide additional documentation to receive payment. ECF No. 39, at 8; S.A. ¶¶ 43-44. The recovery was obtained while Defendant denied liability and maintained defenses that could have reduced or eliminated any class recovery, including challenges to WARN coverage and the single-site requirement, the unforeseeable-business-circumstances defense, good faith, releases, and class certification. S.A., Recitals D & H-I. The Court has preliminarily found the relief adequate in light of the risks, complexity, and duration of continued litigation and fair, adequate, and reasonable on the range of possible recovery. ECF No. 40 at 5; Class Counsel Decl. ¶¶ 7-8, 18.

The proper measure of the result is therefore not a comparison to theoretical maximum damages in a vacuum, but the guaranteed settlement weighed against the probability and delay of

obtaining a larger judgment after contested certification, merits discovery, summary judgment, trial, and appeal. WARN cases illustrate that substantial discounts from maximum statutory damages can be reasonable where liability defenses create real litigation risk. *See Philips v. Muchnery Inc.*, No. 19-cv-05089-BLF, 2020 WL 6135996, at *7 (N.D. Cal. Oct. 19, 2020) (approving WARN settlement reflecting approximately 26% of potential recovery); *Farrar v. Workhorse Grp., Inc.*, No. CV 21-02072-CJC (PVCx), 2023 WL 5505981, at *7 (C.D. Cal. July 24, 2023) (approving settlement representing a fraction of estimated damages). Securing a funded, automatic recovery despite these risks is a significant result and weighs heavily in favor of the requested fee. This factor deserves substantial weight because, in a common-fund case, the Eleventh Circuit has explained that the monetary result achieved is the principal measure of counsel's success. *Camden I*, 946 F.2d at 774-75. *George* likewise treated a substantial class recovery obtained despite meaningful merits and certification risks as strongly supporting a one-third fee. 369 F. Supp. 3d at 1385-86.

**ix. The experience, reputation, and ability of the attorneys**

Settlement Class Counsel are experienced class-action lawyers with substantial WARN Act experience and the resources necessary to prosecute this litigation through trial and appeal. Counsel's experience allowed them to identify the relevant factual and legal risks quickly, obtain and analyze the necessary employment data, and negotiate a class-wide settlement efficiently. Class Counsel Decl. ¶ 14. Courts within this Circuit routinely give this factor meaningful weight because experienced class counsel can identify dispositive risks, value claims accurately, and negotiate efficiently. *Allapattah*, 454 F. Supp. 2d at 1210 (describing counsel's experience and reputation as a very strong factor); *George*, 369 F. Supp. 3d at 1386 (finding class counsel's experience and expertise likely essential to the result achieved).

**x. The undesirability and risk of the case**

The case was risky from the outset because WARN liability turns on technical statutory thresholds and defenses that can be dispositive on summary judgment. Defendant specifically challenged whether the affected workers were part of a covered plant closing or mass layoff at a single site, asserted unforeseeable business circumstances and good faith, and contended that certain employees released their claims. Binding Eleventh Circuit authority confirms that failure to establish the single-site requirement can defeat WARN liability, while the unforeseeable-business-circumstances defense turns on a detailed factual record concerning causation, foreseeability, and reduced notice. *Jim Walter Res.*, 6 F.3d at 724-27. Counsel accepted those risks on contingency and nevertheless achieved a class-wide fund without requiring the Settlement Class to bear the delay and uncertainty of litigating those issues to judgment. *See* Class Counsel Decl. ¶¶ 4, 8, 10. The undesirability factor is directed to that very risk. *Allapattah* placed significant weight on the risks counsel accepted at the outset of a contingent class case, 454 F. Supp. 2d at 1211, and *George* recognized that technical employment claims with meaningful dispositive-motion risk may be unattractive to counsel because of complexity, modest individual recoveries, and the possibility of no fee. 369 F. Supp. 3d at 1386-87.

**xi. The nature and length of the professional relationship with the client**

Plaintiff has worked cooperatively with Counsel throughout the litigation, providing factual information, reviewing filings and settlement terms, and assisting Counsel in evaluating the claims. The professional relationship has been focused on protecting the interests of the Settlement Class and obtaining prompt class-wide relief. Class Counsel Decl. ¶ 17. This factor does not weigh against the requested fee merely because the relationship arose from this litigation;

*Allapattah* treated the professional-relationship factor as carrying comparatively little weight where the class representation itself generated the relationship. 454 F. Supp. 2d at 1211.

**xii. Fee awards in similar cases**

WARN-specific precedent supports the requested one-third percentage. *See Mees*, 2016 WL 67521, at *5; *Rodriguez*, 2016 WL 6804430, at *8; *Guippone*, 2011 WL 5148650, at *9; *see also Roberts v. Genting N.Y. LLC*, No. 14-CV-0257 (KAM)(VMS), 2026 WL 643206, at *6 (E.D.N.Y. Feb. 23, 2026) (approving a 31.42% fee from a WARN settlement fund). These awards are consistent with *Waters* and *Allapattah* and confirm that the requested 33.33% fee is within the range of reasonableness. Class Counsel Decl. ¶¶ 14-15. Eleventh Circuit employment-class precedent supplies an especially useful analogue: *George* approved a 33% fee from a $925,000 hybrid FLSA/Rule 23 settlement after applying the *Johnson* factors. 369 F. Supp. 3d at 1381-87. *Waters* affirmed a 33.33% common-fund award, 190 F.3d at 1294-98, and *Allapattah* approved 31 1/3% after an extensive *Johnson* analysis, 454 F. Supp. 2d at 1210-11. These in-Circuit awards reinforce that a one-third request is not an outlier when the case-specific factors justify an upward adjustment from *Camden I*'s benchmark.

A lodestar cross-check is unnecessary because the percentage-of-the-fund method governs this common-fund settlement. *Camden I*, 946 F.2d at 774-75; *In re Blue Cross Blue Shield Antitrust Litig.*, 85 F.4th at 1099-1101. The Eleventh Circuit permits a lodestar cross-check as an additional reasonableness check but does not require one. *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1280 (11th Cir. 2021). The *Johnson* factors supply the qualitative check on the requested percentage. Moreover, the efficiency with which Counsel achieved this settlement should not operate as a penalty by rewarding unnecessary hours or prolonged litigation. The

percentage method appropriately compensates counsel for the result obtained and the risk assumed, rather than for maximizing time spent.

**b. The Court Should Award the Requested Litigation Costs.**

The Settlement Agreement separately authorizes Class Counsel to seek reimbursement of taxable and nontaxable costs under Rules 54(d) and 23(h), with any Court-approved Attorneys' Fees and Costs payable from the Settlement Fund. S.A. ¶¶ 72-75. Reimbursement of reasonable out-of-pocket expenses that contributed to the creation of a common fund is appropriate. *See Columbus Drywall & Insulation, Inc. v. Masco Corp.*, No. 1:04-CV-3066-JEC, 2012 WL 12540344, at *7 (N.D. Ga. Oct. 26, 2012) (citing *Camden I*, 946 F.2d at 771). Class Counsel have incurred $813.63 in reasonable expenses, consisting principally of filing fees, *pro hac vice* fees, service and ordinary litigation expenses. Those costs were reasonably necessary to prosecute and resolve this Action and should be reimbursed from the Settlement Fund. Class Counsel Decl. ¶ 16.

Additionally, the Court should award the Settlement Administrator up to $13,000.00 as payment for their services incurred as professional fees for administration of the Settlement.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court award Settlement Class Counsel $49,166.67 in attorneys' fees, representing one-third of the Settlement Fund, and $813.63 in litigation costs reasonably incurred by Class Counsel and up to $13,000.00 incurred by the Settlement Administrator, and grant such other relief as the Court deems appropriate.

A proposed order granting the relief herein will be incorporated into the proposed Final Approval Order submitted with Plaintiffs' Motion for Final Approval of Class Action Settlement.

Dated: September 6, 2026

Respectfully submitted,

By: */s/ Jeff Ostrow*
Jeff Ostrow (FBN 121452)
Steven Sukert (FBN 1022912)
**KOPELOWITZ OSTROW, P.A.**
1 West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Tel: (954) 332-4200
ostrow@kolawyers.com
sukert@kolawyers.com

Mariah England, *pro hac vice*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel: (615) 254-8801
mengland@stranchlaw.com

Ian R. Bensberg, *pro hac vice*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel: (317) 636-6481
ibensberg@cohenmalad.com

*Counsel for Plaintiff and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing has been served upon all counsel of record via the Court's CM/ECF system on this the 6th day of September, 2026.

*/s/ Jeff Ostrow*
Jeff Ostrow (FBN 121452)