# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

SARAH SNYDER, individually and on behalf of those similarly situated,

Plaintiff,

v.

**Case No.: 9:26-cv-80134-AMC**

INNODATA SERVICES, LLC,

Defendant.

**DECLARATION OF JEFF OSTROW IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND LITIGATION COSTS**

1. I, Jeff Ostrow, submit this declaration in support of Plaintiff Sarah Snyder's Motion for Attorneys' Fees and Litigation Costs. The contents of this Declaration are based on my personal knowledge, my extensive experience handling class actions, and the events of this litigation.

2. Class Counsel previously submitted evidence in support of Plaintiff's renewed motion for preliminary approval describing counsel's qualifications, the work performed on behalf of the putative class, the history of the Parties' negotiations, the settlement terms, and the proposed notice and distribution process. I incorporate that history here to the extent relevant to the fee and expenses request.

3. This Action arises from Defendant Innodata Services, LLC's February 2026 layoff affecting employees who purportedly reported to its facility at 1615 South Congress Avenue, Delray Beach, Florida. Compl. ¶¶ 1-4, 9-10, ECF No. 1; Settlement Agreement [ECF No. 39-3] ("S.A."), Recitals A-B & ¶ 11. Plaintiff alleges Defendant notified more than 100 employees on or about February 3, 2026, including Plaintiff, that they would be affected by a layoff effective February 6, 2026, without the 60 days' notice required by the WARN Act. Compl. ¶¶ 2-4, 14-18, ECF No. 1; S.A., Recital A. Plaintiff filed this Action on February 6, 2026, seeking WARN Act

back pay, benefits, attorneys' fees, and costs on behalf of herself and similarly situated employees. Compl. ¶¶ 1, 4, 19-30, 41-61, ECF No. 1; S.A., Recitals B-C.

4. Defendant denied liability and asserted substantial defenses, including that Plaintiff and the putative class were not terminated as part of a covered plant closing or mass layoff at a single site of employment, that the layoffs resulted from unforeseeable business circumstances, that Defendant acted in good faith, that certain employees released their claims, and that class certification would be improper. S.A., Recitals D & H. Those defenses presented meaningful risks to both class certification and ultimate recovery because success on threshold WARN coverage or single-site issues, Defendant's statutory defenses, or class certification could have reduced or eliminated any class-wide recovery. *See id.*, Recitals H-I.

5. Counsel investigated the facts and law relating to the claims and defenses; conferred with Plaintiff and putative class members; reviewed employment and payroll data; analyzed class membership, WARN coverage, damages, single-site issues, releases, and Defendant's statutory defenses; and used that information to evaluate the strengths and weaknesses of the case. ECF No. 39, at 2, 7; S.A., Recitals E-F. Defendant produced payroll and employment data that Counsel used to evaluate the number of affected employees and estimate class-wide damages. ECF No. 39, at 2, 7, 10. That work required Counsel to assess how affected employees were assigned, managed, and connected to the Delray Beach facility, whether WARN's numerical and employment-loss requirements were satisfied, and whether individual releases affected class membership or recovery.

6. The Parties began settlement discussions in early March 2026 and continued exchanging information while negotiations proceeded. ECF No. 39, at 2. The negotiations were arm's length and adversarial. ECF No. 39, at 1, 5-6; S.A., Recital J. The Parties first executed a settlement agreement on June 18, 2026. ECF No. 39, at 2. After the Court denied preliminary

approval without prejudice on August 7, 2026, and identified issues requiring revision, the Parties revised the agreement to address the Court's concerns. ECF No. 39, at 0 n.1, 2; ECF No. 40, at 2. The revised Settlement Agreement was fully executed on August 16, 2026, and Plaintiff filed the renewed motion for preliminary approval on August 17, 2026. ECF No. 39, at 2; ECF No. 40 at 1. On August 21, 2026, the Court granted preliminary approval, finding that it would likely be able to approve the Settlement under Rule 23(e)(2) and certify the proposed Settlement Class for settlement purposes. ECF No. 40 at 3-5.

7. The revised Settlement establishes a $147,500.00 Settlement Fund to pay Settlement Class Members, Settlement Administrator expenses, and Court-approved attorneys' fees and costs. S.A., Recital M & ¶¶ 31, 39-47, 59-60, 72-75. The Court preliminarily certified a Settlement Class of 30 employees terminated on February 6, 2026, purportedly as a result of the alleged mass layoff or plant closing, who did not sign a separation agreement and general release. ECF No. 40 at 3. Settlement payments will be calculated under the Allocation Plan and distributed automatically after the Effective Date; Settlement Class Members will not need to file claims to receive payment. S.A. ¶¶ 43-47; see also ECF No. 39, at 3, 8. The Court approved CPT Group as the Settlement Administrator and authorized CPT to effectuate the Notice Plan in accordance with the Settlement Agreement. ECF No. 40 at 6.

8. In my judgment, the Settlement is a strong result in light of the litigation risks. If the Action had continued, the Parties likely would have engaged in additional fact and expert discovery, class-certification proceedings, summary-judgment briefing, potential Rule 702 motion practice, trial, post-trial proceedings, and appeals. S.A., Recital I. Defendant's WARN defenses could have reduced or eliminated the Class's recovery. S.A., Recitals D & H-I. The combination of threshold WARN issues, class-certification risk, disputed defenses, the contingency nature of the representation, and the possibility of no recovery made the case materially risky and financially

undesirable to prosecute through judgment. The Court has already found, for preliminary-approval purposes, that the relief is adequate in light of the risks, complexity, and duration of continued litigation and that the settlement was fairly negotiated at arm's length. ECF No. 40 at 5.

9. Attorneys' fees were not negotiated until after the Parties had reached agreement on the material substantive settlement terms. ECF No. 39, at 16. Under the revised Settlement Agreement, Class Counsel may seek reasonable attorneys' fees not exceeding one-third of the Settlement Fund and may separately seek reimbursement of taxable and nontaxable costs, all subject to Court approval. S.A. ¶¶ 72-75.

10. Settlement Class Counsel undertook this case on a contingency-fee basis and have not received payment for their work to date. Counsel assumed the risk that they could devote substantial time and advance expenses yet recover nothing if Defendant prevailed on coverage, its affirmative defenses, class certification, trial, or appeal.

11. Before and after filing the Action, Counsel devoted substantial time and resources to investigating the claims, researching and developing the WARN theories, evaluating Defendant's defenses, analyzing payroll and employment information, negotiating the Settlement, drafting and revising the Settlement Agreement, preparing the original and renewed preliminary-approval papers, coordinating with the Settlement Administrator, and preparing the present fee motion and related final-approval materials. *See* ECF No. 39, at 2, 7, 16; S.A., Recitals E-F, J. The work required sustained attention from multiple lawyers and staff, displaced other fee-generating work, and was performed without current compensation.

12. Counsel have endeavored to litigate efficiently and to limit unnecessary expense. The case was resolved without extensive formal discovery disputes or prolonged motion practice, and Counsel revised the settlement promptly after the Court identified issues in the initial preliminary-approval submission. ECF No. 39, at 0 n.1, 2; ECF No. 40, at 2. Prompt resolution

had particular practical value because the claims seek wage-and-benefit relief for workers whose employment ended abruptly, and Counsel pursued settlement while obtaining sufficient employment and payroll information to make an informed assessment of liability, defenses, class membership, and damages. See ECF No. 39, at 2, 7, 10.

13. Counsel will continue to expend additional time and effort communicating with Plaintiff and Settlement Class Members, coordinating with CPT Group, completing final-approval briefing, preparing for and attending the Final Approval Hearing, addressing any objections or other class-member issues, and overseeing implementation and distribution of the Settlement. This continuing work is included in the contingent representation and will not generate additional fees beyond any amount awarded by the Court from the common fund.

14. Settlement Class Counsel seek attorneys' fees of $49,166.67, equal to one-third of the $147,500.00 Settlement Fund. S.A., Recital M & ¶¶ 31, 72-75. Class and WARN Act litigation require specialized knowledge of Rule 23, the WARN Act's statutory definitions, numerical thresholds, notice requirements and defenses, payroll-based damages analysis, and class settlement administration. Settlement Class Counsel have substantial experience in WARN Act and complex class litigation and the resources necessary to prosecute this Action through trial and appeal. In my judgment, that experience allowed Counsel to identify the material factual and legal issues efficiently, evaluate Defendant's defenses, analyze employment data, negotiate a class-wide recovery, and respond promptly to the Court's preliminary-approval concerns. See ECF No. 39, at 7, 16; ECF No. 40, at 2. Based on that experience, the work performed, the contingent risk, the result achieved, and fee awards in comparable WARN Act settlements, I believe the requested fee is reasonable.

15. WARN Act decisions regularly approve percentage-of-the-fund fees at or near one-third. *See, e.g., Mees v. Skreened, Ltd.*, No. 2:14-CV-142, 2016 WL 67521, at *5 (S.D. Ohio Jan.

6, 2016), *report and recommendation adopted*, 2016 WL 305166 (S.D. Ohio Jan. 26, 2016); *Rodriguez v. Infinite Care, Inc.*, No. CV 15-1824, 2016 WL 6804430, at *8 (E.D. Pa. Nov. 17, 2016); *Guippone v. BH S & B Holdings, LLC*, No. 09 Civ. 01029(CM), 2011 WL 5148650, at *9 (S.D.N.Y. Oct. 28, 2011); *Roberts v. Genting N.Y. LLC*, No. 14-CV-0257 (KAM)(VMS), 2026 WL 643206, at *6 (E.D.N.Y. Feb. 23, 2026).

16. Class Counsel have incurred $813.63 in out-of-pocket litigation expenses. Those expenses consist principally of filing fees, *pro hac vice* fees, service and other ordinary litigation costs and were reasonably necessary to prosecute and resolve the Action. Counsel have not been reimbursed for those expenses.

17. Additionally, the Settlement Administrator has sent an estimate and seeks up to $13,000.00 in administration fees.

18. Plaintiff has worked cooperatively with Counsel throughout the litigation by communicating with Counsel, providing factual information, reviewing filings and settlement terms, and assisting Counsel in evaluating the claims. The professional relationship has been focused on protecting the interests of the Settlement Class and obtaining prompt class-wide relief. No service award is requested under the current Settlement Agreement.

19. Based on my experience, investigation, knowledge of the case, and evaluation of the risks of continued litigation, I believe the requested attorneys' fees and litigation costs are fair and reasonable and that the Settlement remains in the best interests of the Settlement Class. In particular, the automatic-payment structure, the $147,500.00 common fund, the absence of a claims process, and the avoidance of further contested certification, merits discovery, summary judgment, trial, and appeal support the reasonableness of the requested fee. S.A., Recital M & ¶¶ 31, 43-47; ECF No. 39, at 8; ECF No. 40, at 5.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 6, 2026.

*/s/ Jeff Ostrow*
Jeff Ostrow
**KOPELOWITZ OSTROW, P.A.**